**PUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellant,

v.

COMMONWEALTH OF VIRGINIA;
L. DOUGLAS WILDER, Governor of
the Commonwealth of Virginia;
VIRGINIA MILITARY INSTITUTE;
JOSEPH M. SPIVEY, III, President of
the Virginia Military Institute Board
of Visitors; JOHN WILLIAMS KNAPP,
Superintendent of Virginia Military
Institute; THE BOARD OF VISITORS OF
VIRGINIA MILITARY INSTITUTE;
THOMAS N. DOWNING; ELIZABETH P.

HOISINGTON, Brig. Gen.; ROBERT Q.
MARSTON; A. COURTLAND SPOTTS, III;
DANIEL F. FLOWERS; B. POWELL
HARRISON, JR.; ROBERT H. SPILMAN;
SAMUEL E. WOOLWINE; JAMES W.
ENOCHS, JR.; WILLIAM A. HAZEL;
HARVEY S. SADOW; DOUGLAS K.
BAUMGARTNER; DANIEL D. CAMERON;
GLEN N. JONES; JOHN W. ROBERTS,
Members of the Board of Visitors
of Virginia Military Institute; VMI
FOUNDATION, INCORPORATED; VMI
ALUMNI ASSOCIATION,
Defendants-Appellees,

and

No. 91-1690

GORDON K. DAVIES, Director of the
Virginia State Council of Higher
Education; THE VIRGINIA STATE
COUNCIL OF HIGHER EDUCATION AND
ITS MEMBERS AND OFFICERS,
<u>Defendants.</u>

VIRGINIA WOMEN ATTORNEYS
ASSOCIATION; VIRGINIA CHAPTER OF
THE AMERICAN ASSOCIATION OF
UNIVERSITY WOMEN; VIRGINIA
CHAPTER OF THE OLDER WOMEN'S
LEAGUE; VIRGINIA FEDERATION OF
BUSINESS AND PROFESSIONAL WOMEN'S
CLUBS, INCORPORATED; FRIENDS OF
VMIFOR EQUALITY; ALEXANDER W.

ASTIN; AMERICAN CIVIL LIBERTIES
UNION; ACLU FOUNDATION OF
VIRGINIA; NATIONAL WOMEN'S LAW
CENTER; AMERICAN ASSOCIATION OF
UNIVERSITY WOMEN; CENTER FOR
WOMEN POLICY STUDIES; NATIONAL
ORGANIZATION FOR WOMEN; NOW
LEGAL DEFENSE AND EDUCATION
FUND; VIRGINIA NATIONAL
ORGANIZATION FOR WOMEN; VIRGINIA
NOW LEGAL DEFENSE AND
EDUCATION FUND, INCORPORATED;
WOMEN'S LAW PROJECT; WOMEN'S
LEGAL DEFENSE FUND,
<u>Amici Curiae.</u>

2

UNITED STATES OF AMERICA,
Plaintiff-Appellant,

v.

COMMONWEALTH OF VIRGINIA;
GEORGE F. ALLEN, Governor, of the
Commonwealth of Virginia;
VIRGINIA MILITARY INSTITUTE;
JOSEPH M. SPIVEY, III, President of
the Virginia Military Institute Board
of Visitors; JOHN WILLIAMS KNAPP,
Superintendent of Virginia Military
Institute; THE BOARD OF VISITORS OF
VIRGINIA MILITARY INSTITUTE; VMI
FOUNDATION, INCORPORATED; VMI                                No. 94-1667

ALUMNI ASSOCIATION; THE VIRGINIA
STATE COUNCIL OF HIGHER EDUCATION
AND ITS MEMBERS AND OFFICERS;
THOMAS N. DOWNING; ELIZABETH P.
HOISINGTON, Brig. Gen.; ROBERT Q.
MARSTON; A. COURTLAND SPOTTS, III;
DANIEL F. FLOWERS; B. POWELL
HARRISON, JR.; ROBERT H. SPILMAN;
SAMUEL E. WOOLWINE; JAMES W.
ENOCHS, JR.; WILLIAM A. HAZEL;
HARVEY S. SADOW; DOUGLAS K.
BAUMGARTNER; DANIEL D. CAMERON;
GLEN N. JONES; JOHN W. ROBERTS,
Defendants-Appellees,

and

3

GORDON K. DAVIES,
Defendant.

THE NATIONAL WOMEN'S LAW
CENTER; AMERICAN ASSOCIATION OF
UNIVERSITY WOMEN; AMERICAN CIVIL
LIBERTIES UNION; CALIFORNIA
WOMEN'S LAW CENTER; CENTER FOR
WOMEN POLICY STUDIES;
CONNECTICUT WOMEN'S EDUCATION
AND LEGAL FUND; EQUAL RIGHTS
ADVOCATES; FEDERALLY EMPLOYED
WOMEN, INC.; FEMINIST MAJORITY
FOUNDATION; HUMAN RIGHTS
CAMPAIGN FUND; LAWYER'S
COMMITTEE FOR CIVIL RIGHTS UNDER

LAW; NATIONAL ASSOCIATION FOR
GIRLS & WOMEN IN SPORT; NATIONAL
ASSOCIATION OF COMMISSIONS FOR
WOMEN; NATIONAL COUNCIL OF
NEGRO WOMEN; NATIONAL
EDUCATION ASSOCIATION; NATIONAL
GAY AND LESBIAN TASK FORCE;
NATIONAL HOOKUP OF BLACK WOMEN;
NATIONAL ORGANIZATION FOR WOMEN;
NOW LEGAL DEFENSE AND
EDUCATION FUND; NATIONAL
WOMEN'S CONFERENCE COMMITTEE;
NATIONAL WOMEN'S PARTY;
NORTHWEST WOMEN'S LAW CENTER;
TRIAL LAWYERS FOR PUBLIC JUSTICE;

4

WOMEN EMPLOYED; WOMEN'S LAW
PROJECT; WOMEN'S LEGAL DEFENSE
FUND; YWCAOF THE U.S.A.; MARY
BALDWIN COLLEGE; WELLS COLLEGE;
SAINT MARY'S COLLEGE; SOUTHERN
VIRGINIA COLLEGE,
<u>Amici Curiae.</u>

UNITED STATES OF AMERICA,
<u>Plaintiff-Appellee,</u>

v.

COMMONWEALTH OF VIRGINIA;
GEORGE F. ALLEN, Governor, of the
Commonwealth of Virginia;
VIRGINIA MILITARY INSTITUTE;
JOSEPH M. SPIVEY, III, President of
the Virginia Military Institute Board
of Visitors; JOHN WILLIAMS KNAPP,

Superintendent of Virginia Military
Institute; THE BOARD OF VISITORS OF
VIRGINIA MILITARY INSTITUTE; VMI
FOUNDATION, INCORPORATED; VMI
ALUMNI ASSOCIATION; THE VIRGINIA
STATE COUNCIL OF HIGHER EDUCATION
AND ITS MEMBERS AND OFFICERS;
THOMAS N. DOWNING; ELIZABETH P.
HOISINGTON, Brig. Gen.; ROBERT Q.
MARSTON; A. COURTLAND SPOTTS, III;

No. 94-1712

5

DANIEL F. FLOWERS; B. POWELL
HARRISON, JR.; ROBERT H. SPILMAN;
SAMUEL E. WOOLWINE; JAMES W.
ENOCHS, JR.; WILLIAM A. HAZEL;
HARVEY S. SADOW; DOUGLAS K.
BAUMGARTNER; DANIEL D. CAMERON;
GLEN N. JONES; JOHN W. ROBERTS,
Defendants-Appellants,

and

GORDON K. DAVIES,
Defendant.

THE NATIONAL WOMEN'S LAW
CENTER; AMERICAN ASSOCIATION OF
UNIVERSITY WOMEN; AMERICAN CIVIL
LIBERTIES UNION; CALIFORNIA
WOMEN'S LAW CENTER; CENTER FOR
WOMEN POLICY STUDIES;
CONNECTICUT WOMEN'S EDUCATION
AND LEGAL FUND; EQUAL RIGHTS
ADVOCATES; FEDERALLY EMPLOYED
WOMEN, INC.; FEMINIST MAJORITY
FOUNDATION; HUMAN RIGHTS
CAMPAIGN FUND; LAWYER'S
COMMITTEE FOR CIVIL RIGHTS UNDER
LAW; NATIONAL ASSOCIATION FOR
GIRLS & WOMEN IN SPORT; NATIONAL
ASSOCIATION OF COMMISSIONS FOR
WOMEN; NATIONAL COUNCIL OF
NEGRO WOMEN; NATIONAL
EDUCATION ASSOCIATION; NATIONAL
GAY AND LESBIAN TASK FORCE;

6

NATIONAL HOOKUP OF BLACK WOMEN;
NATIONAL ORGANIZATION FOR WOMEN;
NOW LEGAL DEFENSE AND
EDUCATION FUND; NATIONAL
WOMEN'S CONFERENCE COMMITTEE;
NATIONAL WOMEN'S PARTY;
NORTHWEST WOMEN'S LAW CENTER;
TRIAL LAWYERS FOR PUBLIC JUSTICE;
WOMEN EMPLOYED; WOMEN'S LAW
PROJECT; WOMEN'S LEGAL DEFENSE
FUND; YWCAOF THE U.S.A.; MARY
BALDWIN COLLEGE; WELLS COLLEGE;
SAINT MARY'S COLLEGE; SOUTHERN
VIRGINIA COLLEGE,
<u>Amici Curiae.</u>

On Remand from the United States Supreme Court.
(S. Ct. Nos. 94-1941 & 94-2107)

Decided on Remand: September 19, 1996

Before NIEMEYER, Circuit Judge, PHILLIPS, Senior Circuit
Judge, and WARD, Senior United States District Judge for the
Middle District of North Carolina, sitting by designation.

_____

Remanded by published per curiam opinion.

_____

**COUNSEL**

Deval L. Patrick, Assistant Attorney General, Kerry Alan Scanlon,
Deputy Assistant Attorney General, Thomas E. Chandler, Jessica
Dunsay Silver, Civil Rights Division, UNITED STATES DEPART-
MENT OF JUSTICE, Washington, D.C., for Appellant. Robert H.

Patterson, Jr., Anne Marie Whittemore, William G. Broaddus, J. William Boland, Frank B. Atkinson, H. Alexander Wise, MCGUIRE, WOODS, BATTLE & BOOTHE, Richmond, Virginia; James S. Gilmore, III, Attorney General of Virginia, William Henry Hurd, Deputy Attorney General of Virginia, Richmond, Virginia; Griffin B. Bell, William A. Clineburg, Jr., KING & SPALDING, Atlanta, Georgia; William B. Poff, WOODS, ROGERS & HAZLEGROVE, Roanoke, Virginia, for Appellees. Eileen N. Wagner, Richmond, Virginia; Karen R. Keesling, Falls Church, Virginia; Sylvia Clute, Richmond, Virginia, for Amici Curiae Virginia Women Attorneys Association, et al. Marcia D. Greenberger, Ellen J. Vargyas, Shirley Sagawa, NATIONAL WOMEN'S LAW CENTER, Washington, D.C.; Joan E. Bertin, Elisabeth A. Werby, Jacqueline A. Berrien, AMERICAN CIVIL LIBERTIES UNION FOUNDATION, New York, New York; Stephen B. Pershing, AMERICAN CIVIL LIBERTIES UNION FOUNDATION OF VIRGINIA, Richmond, Virginia; Robert N. Weiner, Leigh McAfee, Mark Eckenwiler, Stefanie J. Raker, ARNOLD & PORTER, Washington, D.C., for Amici Curiae National Women's Law Center, et al. James W. Tredway, III, CHRISTIAN, BARTON, EPPS, BRENT & CHAPPELL, Richmond, Virginia, for Amicus Curiae Mary Baldwin College. David M. Lascell, Rebecca A. Kirch, HALLENBECK, LASCELL & PINEO, Rochester, New York, for Amici Curiae Wells College, et al.

_____

**OPINION**

PER CURIAM:

In United States v. Commonwealth of Virginia, 976 F.2d 890 (4th Cir. 1992), we held that single-gender education is pedagogically justifiable for both males and females, and therefore that "the homogeneity of gender in the process, regardless of which sex is considered" warrants a state's offering single-gender education. Id. at 897. But because the Commonwealth of Virginia was offering single-gender education to males at Virginia Military Institute (VMI) without offering single-gender education anywhere in the state to females, we found that it was violating the Equal Protection Clause of the Fourteenth Amendment. We remanded the case to the district court with

8

instructions to require Virginia to formulate, adopt, and implement a plan conforming with the Equal Protection Clause. We concluded:

> Consistent therewith, the Commonwealth might properly decide to admit women to VMI and adjust the program to implement that choice, or it might establish parallel institutions or parallel programs, or it might abandon state support of VMI, leaving VMI the option to pursue its own policies as a private institution. While it is not ours to determine, there might be other more creative options or combinations.

Id. at 900. The Supreme Court affirmed our judgment in United States v. Virginia, 116 S. Ct. 2264, 2287 (1996).

On remand to the district court, Virginia developed a proposal to establish the Virginia Women's Institute for Leadership (VWIL), a parallel program at Mary Baldwin College, providing women with single-gender education together with special leadership training. Virginia did not, however, propose to duplicate the military-type training offered at VMI. Following a trial, the district court approved the VWIL plan and directed Virginia "to proceed with all deliberate speed . . . to have the Plan operational for the academic year commencing in the Fall of 1995." United States v. Commonwealth of Virginia, 852 F. Supp. 471, 485 (W.D. Va. 1994).

On appeal, we affirmed the district court's judgment. United States v. Commonwealth of Virginia, 44 F.3d 1229 (4th Cir. 1995). Applying an expanded intermediate scrutiny test to the state's program, we concluded:

> [I]f the conditions that we impose below are fulfilled, the opportunities that would be open both to men and women are sufficiently comparable. We therefore are satisfied that the special intermediate scrutiny test defined for this case has been met, insofar as a proposed program can meet this test, by the VWIL program proposed at Mary Baldwin College.

Id. at 1241. The conditions to our approval were that the program be "headed by a well-qualified, motivated administrator"; that the pro-

9

gram be "well-promoted to potentially qualified candidates"; that the program include an adequate funding commitment; and that the program be reviewed on a continuing basis by qualified professional educators to assure that it remains "aimed not only at providing a quality bachelor's degree but also at affording the additional element of taught discipline and leadership training for women." Id.

In United States v. Commonwealth of Virginia, 116 S. Ct. 2264 (1996), the Supreme Court reversed our judgment, holding that the VWIL program at Mary Baldwin College was not an adequate remedy for the equal protection violation. Writing for the Court, Justice Ginsburg reasoned:

> In myriad respects other than military training, VWIL does not qualify as VMI's equal. VWIL's student body, faculty, course offerings, and facilities hardly match VMI's. Nor can the VWIL graduate anticipate the benefits associated with VMI's 157-year history, the school's prestige, and its influential alumni network.

Id. at 2284. The Court also found no "persuasive evidence" in the record that VMI's male-only admission policy furthered a state policy of diversity. Id. at 2279. At bottom, the Court concluded that Virginia had "shown no `exceedingly persuasive justification' for withholding from women qualified for the experience premier training of a kind VMI affords." Id. at 2287. The Court remanded the case for further proceedings consistent with its opinion. Id.

We now vacate the district court's judgment and remand this case to require Virginia to formulate, adopt, and implement a plan that conforms with the Equal Protection Clause of the Fourteenth Amendment as applied to this case by the Supreme Court.

IT IS SO ORDERED

10